**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------X

PHILIP SEMPREVIVO,

**COMPLAINT**

      Plaintiff,

**CIVIL ACTION NUMBER_____**

 -against-

RUBIN & ROTHMAN LLC,

**JURY TRIAL DEMANDED**

      Defendant.

----------------------------------------------------------------------X

12 CV 2764

JUDGE SEIBEL

### NATURE OF ACTION

1.     This is an action for actual and statutory damages brought because of Defendant's violations of the Fair Debt Collections Practices Ace, 15 U.S.C. Section 1692 et. Seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abuse, deceptive and unfair practices, and New York General Business Law Section 349(H) (hereinafter "GBL 349") which prohibits deceptive business practices. The action further seeks damages caused by Defendant's defamation of Plaintiff's character and the Defendant's intentional infliction of emotional distress upon Plaintiff.

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under FDCPA Section 1692k(d), 28 U.S.C. Section 1331, 28 U.S.C. Section 1337, and 28 U.S.C. Section 2201.

3.     Supplemental Jurisdiction exists for State law claims under 28 U.S.C. Section 1367.

4.     Venue is proper in this district Under 28 U.S.C. Section 1391 (b) in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

5.     Plaintiff PHILIP SEMPREVIVO (hereinafter "Plaintiff") is a natural person residing in the County of Westchester, State of New York and is a consumer as the term is defined by FDCPA Section 1692(a)(3).

6.     Defendant Rubin & Rothman, LLC, (hereinafter "Defendant") is a domestic limited liability company organized and existing under the laws of the State of New York and having a principal place of business at 1787 Veterans Highway, Islandia, New York 11749.

7.     Defendant regularly attempts to collect debts to be due another and is a "debt collector" as that term is defined by FDCPA Section 1692a(6).

8.     Upon information and belief, since 2009, Defendant has filed in excess of 100,000 consumer credit breach of contract actions in New York State courts.

9.     The acts of the Defendant alleged hereinafter were performed by its principals, employees, and agents each acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

10.    Defendant is counsel to GE Capital Retail Bank (hereinafter "GE") in relation to an allegation of an alleged debt owed by Plaintiff to GE.

11.    During the Summer of 2010, Plaintiff purchased a home air conditioning unit for approximately $5,700, which was financed through Citibank.  Plaintiff made regular payments to Citibank on the loan.

12.    The Citibank loan was at all times a current loan, and not in default.

2

13.     At sometime in either late 2010 or early 2011, Citibank assigned the loan

to GE. Plaintiff was never provided with paperwork advising him of the assignment, but in

September 2011, after significant dispute with GE in relation to its collection communications,

Plaintiff was able to confirm the assignment *via* a telephone conversation he initiated with

Citibank. Thereafter, Plaintiff contacted GE and set up a monthly $134.00 debit payment plan

from his bank account to GE, paying the minimum due each month. GE provided Plaintiff with

an authorization code #22833793 confirming the monthly debit agreement.

14.     On September 28, 2011, $134.00 was debited from Plaintiff's checking account

and paid to GE in accordance with the monthly debit agreement.

15.     Notwithstanding Plaintiff's monthly debit agreement with GE, by letter dated

November 9, 2011, Defendant advised Plaintiff that the GE account had been referred to it for

debt collections. The letter identified the creditor as GE and a retailer as "Climate Select." The

claimed balance due was $7,233.45 (hereinafter the "alleged debt"). Defendant acknowledged

within its letter that under Federal Law it was required to disclose the following:

> "UNLESS YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF,
> WITHIN 30 DAYS AFTER YOUR RECEIPT OF THIS LETTER, WE WILL ASSUME THE
> DEBIT TO BE VALID.  IF YOU NOTIFY US IN WRITING WITHIN THE 30 DAY PERIOD
> THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN
> VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND
> MAIL A COPY OF SUCH VERIFICATION TO YOU.  UPON YOUR WRITTEN REQUEST
> WITHIN THE 30 DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND

ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR."

A copy of the November 9, 2011 correspondence, which upon information and belief was reviewed and approved by Valarie E. Watts, Esq., an attorney employed by Defendant is appended hereto as **Exhibit A**.

16.     Plaintiff was perplexed by the letter received from defendant, which did not make any sense in light of the automatic debit agreement he had with GE. Accordingly, he investigated the scheduled automatic debits with his bank. Upon doing do, he learned that GE failed to execute the agreed upon October 28th automatic debit.

17.     The $7,233.45 amount which Defendant alleged Plaintiff owed GE within its November 9, 2011 correspondence, does not reflect the amount Plaintiff borrowed from Citibank, less payments made to Citibank.

18.     Plaintiff did not conduct business with Climate Select.

19.     On November 14, 2011, well within the 30 day requested response period stated in Defendant's letter, Plaintiff called Defendant's law office to dispute the alleged debt and spoke with Mr. William Carter.

20.     During the November 14, 2011 telephone call, Plaintiff informed Mr. Carter of the background of the matter and the apparent errors made on the part of GE. Mr. Carter appeared to listen, take notes, and stated he would contact GE to investigate the matter and get back to Plaintiff.

21.     Upon information and belief neither Mr. Carter nor anyone else ever contacted GE to investigate as promised.

22.     On November 15, 2011, also within the thirty (30) day period requested by

Defendant, Plaintiff wrote to Mr. Carter stating:

> "Further to our telephone conversation of November 14, 2011, this will
> confirm that my above referenced account was written off and sent to your
> office in error, and that you have conveyed our communication with GEMB.
>
> To refresh your memory, this claim concerns a loan originally underwritten by
> Citibank.  Following multiple telephone conversations and correspondence
> with GEMB, it was finally properly explained to me that GEMB acquired the
> loan from Citi.  Once explained, I agreed to make regular payments to GEMB
> in the amount of $134 per month (the regular payment).  Penalties were to
> be removed from the account.  I agreed to have these payments debited
> monthly from my checking account on the 28th of each month.  The
> confirmation code of the authorization for the payments is 22833793.  And,
> payment was indeed debited as recent as September 28th.  Notwithstanding
> my authorization of continued debits, an error on GE's end caused it not to
> initiate the debit on October 28th, and instead the bank wrote off the debt
> and sent it to your office.
>
>  As discussed, GEMB will have my continued authority to debit my account as
> agreed – However, this is only the case if the charge off is reversed, and along
> with any penalties and my credit history is corrected.  Please note that I will
> require that you or your client confirm this with me in writing. " **(Exhibit B)**

23.     Plaintiff followed up his correspondence to Mr. Carter with several telephone

messages.  They were not returned.

24.     Unbeknownst to Plaintiff, and without Plaintiff's consent, Defendant submitted a

hard credit report inquiry to various credit reporting agencies, thereby reducing Plaintiff's

consumer credit score for several years.

25.     In December 2011, Mr. Carter finally took Plaintiff's telephone call, and during

that conversation he confirmed the following:

- • That he and GE recognized that the alleged debt was disputed;

- • That GE would be contacting Plaintiff directly to correct the debt history; and

• That his office would take no further action.

26. Defendant never mailed Plaintiff a verification of the alleged debt.

27. Upon information and belief, and notwithstanding Mr. Carter's statements on the telephone to Plaintiff, neither Mr. Carter nor any other employee of Defendant made any attempts to confirm the true status of the alleged debt with GE.

28. With minimal diligence, Defendant could have learned that the initial information provided to it by GE was incomplete and inaccurate.

29. On January 4, 2012, Plaintiff again wrote to Mr. Carter to memorialize their communications. Specifically, Plaintiff stated:

> *"Further to our telephone recent telephone conversations, this will serve to confirm that in light of the information I have provided you, including the details contained within my correspondence of November 15, 2011, your office will take no further action in relation to this GE Capital claim. I further understand that you will advise GE that so long as they correct their records, remove negative credit reporting, that I am happy to pay the amount due in full, less any late/interest charges."* (Exhibit C)

30. Upon information and belief, Despite its receipt of Plaintiff's November 15, 2011 and January 4, 2012 letters, as well as the conversations had between Plaintiff and Mr. Carter, Defendant made no attempt to contact GE and verify the accuracy and completeness of records and information it had. Instead, on January 27, 2012, unbeknownst to Plaintiff, Defendant filed a frivolous lawsuit against Plaintiff in the New York State Supreme Court, County of Westchester.

31. The lawsuit, which incorrectly contends that Plaintiff "used a credit card issued by [GE]," is entitled *GE Capital Retail Bank v. Philip Semprevivo, Index No. 51206/2012* (hereinafter the "GE Complaint" appended hereto as **Exhibit D**).

32. Upon information and belief, Defendant does not have safeguards to avoid the filing of frivolous lawsuits.

33. Had Defendant had safeguards in place intended to prevent the filing of frivolous lawsuits, Defendant would not have filed the GE Complaint.

34. On February 16, 2012, Plaintiff received a copy of the GE Complaint *via* regular U.S. mail.

35. On February 16, 2012, prior to the delivery of the mail to Plaintiff's residence, Ms. Rosette Tomas, an employee of Defendant, called Plaintiff's wife and harassed her in an improper and malicious attempt to collect upon the alleged debt. Plaintiff's wife, who was unaware of the lawsuit, was deeply distressed over the call, and this resulted in Plaintiff suffering further emotional distress based upon the conduct of Defendant.

36. Ms. Tomas' call was made in complete disregard to a Cease and Desist directive of Plaintiff previously recognized by Defendant. And, had Defendant had safeguards in place intended to prevent its staff from making unwarranted and improper harassing debt collection telephone calls, Ms. Tomas would not have called Plaintiff's wife.

37. Upon information and belief Defendant has a policy in place, which condones and encourages illegal and harassing debt collection telephone calls.

38. On February 20, 2012, Plaintiff received a letter from Rosette Tomas on Defendant's letterhead (hereinafter "Tomas letter" and **Exhibit E**). The Tomas letter was dated

7

February 16, 20012, but postmarked February 18, 2012. Upon information and belief, the Tomas letter was reviewed and approved by Defendant's associate attorney Valarie E. Watts.

39.     The Tomas letter, which did not mention the then already filed GE Complaint, sought to settle the alleged debt at 50% value.

40.     On February 21, 2012, Defendant filed an Affidavit of Service with the New York State Supreme Court which alleged that on February 13, 2012, 11:27 a.m. Defendant's process server personally served the Complaint at Plaintiff's residence, upon a 42 year old male named "John Semprevivo" with black hair. The Affidavit stated that John Semprevivo's height was in the range of five feet four inches and five feet eight inches. And, his weight was alleged to have ranged from 161-200lbs. (Exhibit F).

41.     The Affidavit of Service filed by Defendant conveyed fraudulent information, and no such service of process occurred.

42.     Plaintiff, who works in Manhattan and was not home at the date and time stated in the Affidavit of Service, is the only adult male residing in his home. He is approximately five feet eleven inches; weighs over 200 lbs, and is essentially bald (Exhibit G, Plaintiff's attorney IDs, including photograph and height).

43.     Plaintiff is unaware of any living relative named "John Semprevivo". He resides with his wife and six (6) children, two of which are boys. His oldest son is 14, and over six feet tall. The younger son is six years old, and under five feet in height.

44.     Upon learning of the false Affidavit of Service, Plaintiff placed defendant on notice of the fraud committed by the process server. With minimal diligence, Defendant could have verified the fact that service never occurred. However, as was the case with Plaintiff's

8

request to investigate the alleged debt, Defendant ignored Plaintiff's notice of the alleged fraud, and refused to make any effort to investigate the fraudulent service of process.

45.     Upon information and belief Defendant has a policy in place, which condones and encourages illegal and fraudulent service of process.

46.     Upon information and belief, Defendant has previously filed other fraudulent false Affidavits of Service in relation to other litigated collection actions.

47.     Consumers have advised Defendant on prior occasions that it filed false fraudulent Affidavits of Service.

48.     Defendant has been sued in the past wherein a plaintiff claimed in her Complaint that Defendant allowed, condoned, and encouraged illegal service of process in an action Defendant filed against her.

49.     Upon information and belief, Defendant's high volume of litigation is achieved by abstaining from meaningful review of individual cases.

50.     Upon information and belief no attorney at Defendant's office meaningfully reviewed the GE complaint prior to its filing.

51.     Upon information and belief, Defendant knew that it could not prevail on the GE lawsuit with admissible evidence and its purpose was to attain a default judgment.

52.     Defendant's actions and conduct caused and continue to cause Plaintiff actual damages.

53.     Defendant's actions, including the filing of the GE lawsuit caused Plaintiff embarrassment, humiliation, and extreme anxiety.

54.     Upon information and belief Defendant do not have safeguards to prevent material false assertions in their lawsuits, including but not limited to ensuring all consumer records regarding subject loans are obtained and reviewed, and that the correct amounts owed are reflected.

55.     Upon information and belief, Defendant knows that its high volume of litigation is replete with material mistakes and assertions that could never be proven with evidence admissible in New York State courts.

56.     Upon information and belief, Defendant files its high volume of litigation for the purpose of attaining default judgments against unaware and innocent consumers.

57.     Defendant's conduct towards public consumers, including Plaintiff as alleged in this Complaint, is wanton, willful, malicious, with criminal indifference, and occurs in complete disregard for Federal and State laws intended to prevent such conduct.

58.     Upon information and belief, Defendant's wanton, willful, malicious, and illegal conduct aimed at public consumers is authorized, ratified and/or condoned by its principal partners and/or shareholders.

### FIRST CAUSE OF ACTION PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as fully stated herein.

60. Defendant falsely stated within multiple correspondence to Plaintiff and within the GE Complaint that the subject debt of the GE Complaint originated as a credit card, thereby violating 15 USC 1692e; 15 USC 1692e(2)(a); 15 USC 1692e(5); 15 USC 1692e (10); and 15 USC 1692f.

10

61.     Defendant falsely stated within multiple correspondence to Plaintiff and within the GE Complaint that the subject debt of the GE Complaint originated by GE Capital Retail Bank, thereby violating 15 USC 1692e; 15 USC 1692e(2)(a); 15 USC 1692e(5); 15 USC 1692e (10); and 15 USC 1692f.

62.     Defendant falsely stated within multiple correspondence to Plaintiff and within the GE Complaint an incorrect amount owed and an incorrect time from which GE may be charging interest, thereby violating 15 USC 1692e; 15 USC 1692e(2)(a); 15 USC 1692f; and 15 USC 1692f(1).

63.     Defendant lacks safeguards to avoid and prevent false statements in its debt collection lawsuits and other debt collection activities, thereby violating 15 USC 1692e; 15 USC 1692e(2)(a); 15 USC 1692e (5); 15 USC 1692e(10); 15 USC 1692f; and, 15 USC 1692f(1).

64. Defendant filed a false affidavit of service, thereby violating 15 USC 1692e; 15 USC 1692e(2)(a); 15 USC 1692e (5); 15 USC 1692e(10); 15 USC 1692f; and, 15 USC 1692f(1).

65.     Defendant has in place policies that condone an encourage false affidavits of service, thereby violating 15 USC 1692e; 15 USC 1692e(2)(a); 15 USC 1692e (5); 15 USC 1692e(10); 15 USC 1692f; and, 15 USC 1692f(1).

66. Defendant made a hard credit report inquiry of Plaintiff's credit without the consent of Plaintiff as required by law, thereby violating 15 USC 1692e; 15 USC 1692e(2)(a); 15 USC 1692e (5); 15 USC 1692e(10); 15 USC 1692f; and, 15 USC 1692f(1).

67.     Defendant has in place policies that condone an encourage hard credit report inquiries of consumers without first receiving the consumer's consent, thereby violating 15 USC

11

1692e; 15 USC 1692e(2)(a); 15 USC 1692e (5); 15 USC 1692e(10); 15 USC 1692f; and, 15 USC 1692f(1).

68.     Defendant filed a consumer breach of contract action for the purpose of attaining a default judgment and knowing they could not prove their case with evidence admissible in New York State, thereby violating 15 USC 1692e; 15 USC 1692e(2)(a); 15 USC 1692e (5); 15 USC 1692e(10); 15 USC 1692f; and, 15 USC 1692f(1).

69.     Defendant made false representations of the character of Plaintiff and amount owed in an attempt to collect an alleged debt, thereby violating 15 USC 1692e; 15 USC 1692e(2)(a); 15 USC 1692e (5); 15 USC 1692e(10); 15 USC 1692f; and, 15 USC 1692f(1).

70.     The forgoing multiple violations of the FDCPA are among Defendant's standard procedures and practices towards consumers such as Plaintiff, for which Defendant is motivated by enhanced profits.

## SECOND CAUSE OF ACTION PURSUANT TO GENERAL BUSINESS LAW § 349 DECEPTIVE

## BUSINESS PRACTICES

71.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as fully stated herein.

72.     Pursuant to GBL § 349, it is unlawful to engage in any deceptive acts or practices in the conduct of any business, trade, or commerce in New York State.

73.     Defendant's deceptive acts complained occurred during the course of Defendant's debt collection actions are aimed at consumers.

74.     Defendant's debt collection practices, including those aimed towards Plaintiff, are deceptive or misleading in a material respect.

12

75.     Defendant's debt collection practices complained of confuse and deceive a broad category of New York State consumers.

76.     Plaintiff acted reasonably under the circumstances.

77.     Defendant's violations of N.Y. Gen. Bus. Law include, but are not limited to the following:

*   Falsely stating that GE issued a credit card to Plaintiff;

*   Ignoring Plaintiff's Cease and Desist Demand;

*   Filing a lawsuit for an incorrect amount owed;

*   Conducting an impermissible hard credit report check of Plaintiff;

*   Lacking safeguards to avoid filing frivolous lawsuits;

*   Lacking safeguards to prevent false statements in its debt collection lawsuits and other debt collection activities;

*   Filing a false affidavit of service;

*   Having in place policies that condone the filing of false affidavits of service; and,

*   Filing a consumer breach of contract action for the purpose of attaining a default judgment and knowing that it could not prove its case with evidence admissible in New York Courts.

78.     Defendant's violation of GBL § 349 has not only damaged Plaintiff, but the deceptive business has a broad impact on consumers at large.

## THIRD CAUSE OF ACTION- DEFAMATION

79.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as fully stated herein.

13

80.     Defendant intentionally published one or more oral and written false

statements, which were intended to impeach Plaintiff's credibility, honesty, integrity, virtue,

credit worthiness, or reputation.

81.     Defendant knew that the defamatory statements were false when it published

them.

82.     The defamatory statements included, but are not limited to:

*       Multiple false reports to credit reporting agencies, which were then

        disseminated to and shared with numerous potential lenders or creditors of

        Plaintiff;

*       Multiple false statements made to Plaintiff's family members; and,

*       Filing the GE Complaint.

83.     Plaintiff is not a public figure.

84.     The defamatory statements defamed Plaintiff.

85.     The defamatory statements resulted in and continue to cause significant

monetary damages to Plaintiff well in excess of $100,000.

86.     The defamatory statements resulted in and continue to cause significant

emotional distress to Plaintiff.

14

## FOURTH CAUE OF ACTION - INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

87.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as fully stated herein.

88.    Defendant intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

89. Defendant attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that the Court grant the following relief:

*On the First cause of action,*

- Enter Judgment for the Plaintiff and against Defendant in the amount of his actual damages pursuant 15 U.S.C.  Section 1692k(a)(1);

- Enter Judgment for the Plaintiff and against Defendant for statutory damages pursuant to   15 U.S.C.  Section 1692k(a)(2)(A);

- Award Plaintiff his costs and reasonable attorneys' fees pursuant to 15 U.S.C. 1692k(a)(3);

- Award Plaintiff $10,000,000 in punitive damages, to be paid by Defendant;

15

- Permanently enjoin Defendant from engaging in the unlawful collection practices and deceptive acts and practices described above, and,

- Grant such other and further relief as the Court deems just and proper.

*On the Second cause of action,*

- Award the Plaintiff actual damages, three times the actual damages, costs and reasonable attorneys' fees pursuant to New York GBL Section 349;

- Award Plaintiff $10,000,000 in punitive damages, to be paid by Defendant; and,

- Grant such other and further relief as the Court deems just and proper.

*On the Third cause of action,*

- Enter Judgment for the Plaintiff and against Defendant in the amount of $1,000,000 as consequential damages;

- Award Plaintiff $10,000,000 in punitive damages, to be paid by Defendant; and,

- Grant such other and further relief as the Court deems just and proper.

*On the fourth Cause of action,*

- Enter Judgment for the Plaintiff and against Defendant in the amount of $1,000,000 as consequential damages;

- Award Plaintiff $10,000,000 in punitive damages, to be paid by Defendant; and,

- Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial as to all issues.

Dated: April 8, 2012
      Port Chester, New York

                                    Yours, *etc.*,

                                    By:

                                    Philip C. Semprevivo, Esq. (PS1526)
                                    PLAINTIFF
                                    86 Betsy Brown Circle
                                    Port Chester, New York 10573
                                    914-417-7258
                                    PhilipSemprevivo@gmail.com

TO: Rubin &Rothman LLC

DEFENDANT

1787 Veterans Highway Suite 32
P.O. Box 9003
Islandia, NY 11749

**EXHIBIT A**

5   D12   0029080

# RUBIN & ROTHMAN, LLC

GCA/VEW

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]

### ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500

FAX (631) 234-1138

NYC DCA LIC. 1249720
1-877-207-2051
WILLIAM CARTER   EXT 192

.Y OFFICE:
.H AVENUE EAST
.X 8
.FORD, N.J. 07016
_ (908) 931-0017
AX (908) 931-0660

MARY LACOSTE
DIRECTOR OF OPERATIONS

ADAM V. ACUFF[1]
MARK BRAVERMAN[1]
SHARI BRAVERMAN[1]
JOSEPH LATONA[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
CHRISTOPHER VIRGA[1]
ELIZABETH T. VRACHNAS[1]
VALERIE E. WATTS[1]
DIANA K. ZOLLNER[2]

[1]MEMBER N.Y. BAR
[2]MEMBER N.J. BAR

X REPLY TO N.Y. OFFICE
_ REPLY TO N.J. OFFICE

November 9, 2011

#BWNNWGC
#D120 9867 0611 B098#
PHILIP SEMPREVIVO
86 BETSY BROWN CIR
PORT CHESTER, NY 10573-2226

CURRENT CREDITOR: GE CAPITAL RETAIL BANK
RETAILER: CLIMATE SELECT
AMOUNT OF DEBT:    $7,023.45
OUR FILE NO:  986706

Dear Sir/Madam,

The above named creditor has referred your account to our office for collection with a notation that you want all communications to cease and desist.  Although we cannot communicate with you, under Federal Law we are required to provide the below disclosures.

UNLESS YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, WITHIN 30 DAYS AFTER YOUR RECEIPT OF THIS LETTER, WE WILL ASSUME THE DEBT TO BE VALID.  IF YOU NOTIFY US IN WRITING WITHIN THE 30 DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND MAIL A COPY OF SUCH VERIFICATION TO YOU.  UPON YOUR WRITTEN REQUEST WITHIN THE 30 DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

AT THIS TIME, NO ATTORNEY WITH THIS FIRM HAS PERSONALLY REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT.

RUBIN & ROTHMAN, LLC

**EXHIBIT B**

# PHILIP C. SEMPREVIVO

86 Betsy Betsy Brown Circle

Port Chester, New York 10573

914-417-7258

November 15, 2011

**Via Fax & Mail**

**631-234-1138**

Mr. William Carter

Rubin & Rothman LLC

1787 Veterans Highway Suite **32**

P.O. Box 9003

Islandia N.Y. 11749

Re: Home DSGN/GE Money Bank

Acct # 60346222173694029402

Your File No. 98706

Dear Mr. Walker,

Further to our telephone conversation of November 14, 2011, this will confirm that my above referenced account was written off and sent to your office in error, and that you have conveyed our communication with GEMB.

To refresh your memory, this claim concerns a loan originally underwritten by Citibank. Following multiple telephone conversations and correspondence with GEMB, it was finally properly explained to me that GEMB acquired the loan from Citi. Once explained, I agreed to make regular payments to GEMB in the amount of $134 per month (the regular payment). Penalties were to be removed from the account. I agreed to have these payments debited monthly from my checking account on the 28th of each month. The confirmation code of the authorization for the payments is 22833793. And, payment was indeed debited as recent as September 28th. Notwithstanding my authorization of continued debits, an error on GE's end caused it not to initiate the debit on October 28th, and instead the bank wrote off the debt and sent it to your office.

As discussed, GEMB, will have my continued authority to debit my account as agreed – However, this is only the case if the charge off is reversed, along with any penalties and my credit history is corrected. Please note that I will require that you or your client confirm this with me in writing.

Finally, please be guided by the fact should my credit history not be repaired that I will file an action with the NYS AG's office. Further, I will to file civil defamation action against not only GEMB but you and your firm as well.

Sincerely yours,

*Philip C. Semprevivo*

GE Capital
PO BOX 960061
Orlando, Fl. 32896-0061

GE Capital
PO BOX 981127

El Paso, Texas 79998-1127

**EXHIBIT C**

# PHILIP C. SEMPREVIVO

86 Betsy Betsy Brown Circle

Port Chester, New York 10573

914-417-7258

January 4, 2011

**Via Fax & Mail**

**631-234-1138**

Mr. William Carter

Rubin & Rothman LLC

1787 Veterans Highway Suite 32

P.O. Box 9003

Islandia N.Y. 11749

Re: Home DSGN/GE Money Bank

Acct # 60346222173694029402

Your File No. 98706

Dear Mr. Walker,

Further to our telephone recent telephone conversations, this will serve to confirm that in light of the information I have provided you, including the details contained within my correspondence of November 15, 2011, your office will take no further action in relation to this GE Capital claim. I further understand that you will advise GE that so long as they correct their records, remove negative credit reporting, that I am happy to pay the amount due in full, less any late/interest charges.

Sincerely yours,

*Philip C. Semprevivo*

**EXHIBIT D**

ᴹE COURT OF THE STATE OF NEW YORK
     OF WESTCHESTER

Index No.
Date Filed: ⟨handwritten⟩

-------------------------------

ᴜAPITAL RETAIL BANK

                              Plaintiff

                                                    **SUMMONS (COPY)**

          -against-

PHILIP SEMPREVIVO

                                        The basis of venue is:
                                        DEFENDANT'S RESIDENCE

                              Defendant(s)       Plaintiff's Residence:
-------------------------------------              170 ELECTION ROAD, SUITE 125
                                                 DRAPER, UT 84020
     CONSUMER CREDIT TRANSACTION                 County of SALT LAKE

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons
to serve a notice of appearance, on the Plaintiff's Attorney(s) within
TWENTY days after the service of this summons, exclusive of the day of
service (or within THIRTY days after the service is complete if this
summons is not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded herein.

Dated: Islandia, New York
     JANUARY 27, 2012

                                   RUBIN & ROTHMAN, LLC
                                   Attorneys for Plaintiff
                                   1787 Veterans Highway
                                   Islandia, N.Y. 11749
                                   (631) 234-1500

DEFENDANT(S) ADDRESS:

     PHILIP SEMPREVIVO
86 BETSY BROWN CIR   PORT CHESTER, NY 10573-2226

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
                       NYC DCA LIC. 1249720
Our File No. 0986706            428            0-      0        Q     SZA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
--------------------------------------
GE CAPITAL RETAIL BANK

Index No.
513CU6/12
01-27-12

                            Plaintiff

            -against-                          **COMPLAINT (COPY)**
PHILIP SEMPREVIVO

                    Defendant(s)
--------------------------------------
Plaintiff, by its attorneys, complaining of the defendant(s), alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Defendant(s) resides in the county in which this action is brought;
   or transacted business in the county in which this action is brought
   in person or through an agent, or this cause of action arose out of
   said transaction. Plaintiff is not required to be licensed by the
   NYC Dept of Consumer Affairs because it is a passive debt buyer or
   the original creditor.
2. Plaintiff is a federal savings bank.

3. Defendant(s) used a credit card issued by plaintiff and agreed to
   make payments for goods and services charged and/or cash advances
   made upon such card.

4. Defendant(s) failed to make the payments due pursuant to such agreement,
   and $   7,023.45 is now due and owing to plaintiff from defendant(s),
   together with interest on $   7,023.45 from 11/08/11 at the rate of
   .00   % per annum.

### AS AND FOR A SECOND CAUSE OF ACTION

5. Defendant(s) accepted plaintiff's statements without objection.

6. By reason thereof, an account was stated between plaintiff and
   defendant(s) in the aforesaid amount.

WHEREFORE, plaintiff requests judgment against defendant(s) in the sum of
$   7,023.45, with interest on $   7,023.45 from 11/08/11 at the rate
of .00   % per annum and the costs and disbursements of this action.

Dated: Islandia, New York
       JANUARY 27, 2012                    RUBIN & ROTHMAN, LLC
                                           Attorneys for Plaintiff
                                           1787 Veterans Highway
                                           Islandia, N.Y. 11749
                                           (631) 234-1500
Deponent is an attorney associated with Rubin & Rothman, LLC. To the best
of deponent's knowledge, information and belief, formed after an inquiry
reasonable under the circumstances, the summons and complaint or the
contentions therein are not frivolous as defined in section 130-1.-(c)
of the Rules of the Chief Adm. and the matter was not obtained through
illegal conduct or in violation of 22 NYCRR 1200.41-a (DR 7-111).

Dated:      JANUARY 27, 2012                       _____/S/_____
                                                   KEITH H. ROTHMAN

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
                        NYC DCA LIC. 1249720
Our File No. 0986706            429          0-   0        Q     SZA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------

GE CAPITAL RETAIL BANK

                                    Plaintiff

              -against-
PHILIP SEMPREVIVO

Index No.
512CLc/12
01-30-12

                                    Defendant(s)
-----------------------------------------

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

       PLEASE TAKE NOTICE that the matter captioned above, which has been
commenced by filing of the accompanying documents with the County Clerk, is
subject to mandatory electronic filing pursuant to Section 202.5-bb of the
Uniform Rules for the Trial Courts. This notice is being served as
required by Subdivision (b)(3) of that Section.

       The New York State Courts Electronic Filing System ("NYSCEF") is
designed for the electronic filing of documents with the County Clerk and
the court and for the electronic service of those documents, court docu-
ments, and court notices upon counsel and self-represented parties. Counsel
and/or parties who do not notify the court of a claimed exemption (see
below) as required by Section 202.5-bb(e) must immediately record their
representation within the e-filed matter on the Consent page in NYSCEF.
Failure to do so may result in an inability to receive electronic notice of
document filings.

       Exemptions from mandatory e-filing are limited to: 1)attorneys who
certify in good faith that they lack the computer equipment and (along with
all employees) the requisite knowledge to comply; and 2) self-represented
parties who choose not to participate in e-filing. For additional informa-
tion about electronic filing, including access to Section 202.5-bb, consult
the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource
Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: Islandia, New York
    JANUARY 27, 2012

_____/S/_____
KEITH H. ROTHMAN
RUBIN & ROTHMAN, LLC

To: PHILIP SEMPREVIVO
    86 BETSY BROWN CIR
    PORT CHESTER, NY 10573-2226

RUBIN & ROTHMAN, LLC
1787 VETERANS HIGHWAY
ISLANDIA, NY 11749
(631) 234-1500
NYDOCS@RUBINROTHMAN.COM

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
                        NYC DCA LIC. 1249720
Our File No. 0986706            430        0-    0        Q    SZA

**EXHiBIT E**

0986706   S50

RTT/VEW

# RUBIN & ROTHMAN, LLC

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]

NEW JERSEY OFFICE:
190 NORTH AVENUE EAST
P.O. BOX 8
CRANFORD, N.J. 07016
TEL (908) 931-0017
FAX (908) 931-0660
--------------------
MARY LACOSTE
DIRECTOR OF OPERATIONS

**ATTORNEYS AT LAW**
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500

FAX (631) 234-1138
--
NYC DCA LIC. 1249720

1-877-207-2051
ROSETTE TOMAS   EXT 336

ADAM V. ACUFF[1]
MARK BRAVERMAN[1]
SHARI BRAVERMAN[1]
DAVID K. KOWALENKO[1, 2]
JOSEPH LATONA[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
FRANK ROTHMAN[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
CHRISTOPHER VIRGA[1]
ELIZABETH T. VRACHNAS
VALERIE E. WATTS[1]
DIANA K. ZOLLNER[2]

[1]MEMBER N.Y. BAR
[2]MEMBER N.J. BAR

X REPLY TO N.Y. OFFICE
_ REPLY TO N.J. OFFICE

February 16, 2012

PHILIP SEMPREVIVO
86 BETSY BROWN CIR
PORT CHESTER NY 10573-2226

OUR FILE NO: 0986706
CURRENT CREDITOR: GE CAPITAL RETAIL BANK
RETAILER: CLIMATE SELECT
BALANCE DUE:   $7,233.45

Dear Sir/Madam,

Our client has authorized us to accept 50% of the balance due on your account.   Your outstanding balance on the above account is $7,233.45   as of the date of this letter. Therefore, our client will accept a payment of $3,616.72 in settlement of your account.

We would appreciate receiving payment in this office by  2/28/12  . Even if you are not able to accept this lump sum offer, please call us at the above number to discuss payment options on this account.

This letter may not be used as a payoff letter and the offer does not apply to anyone who is presently refinancing or in the process of selling real estate.

All checks should be sent to P.O. Box 550, Islandia, New York 11749, payable to Rubin and Rothman, and refer to our file number 0986706

In addition to personal checks, we accept WESTERN UNION and electronic payments.  You can make electronic payments on-line at RRLLC189.com or by calling us during office hours.

RUBIN & ROTHMAN, LLC

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

**EXHIBIT F**

FILED: WESTCHESTER COUNTY CLERK 02/21/2012

NYSCEF DOC. NO. 2

INDEX NO. 51206/2012

RECEIVED NYSCEF: 02/21/2012

SUPREME COURT OF THE STATE OF NEW YORK:
COUNTY OF WESTCHESTER

**AFFIDAVIT OF SERVICE**



*60115*

Index no : **51206/2012**
Date Index Number Purchased: **01/27/2012**

| Plaintiff(s): | **GE CAPITAL RETAIL BANK** |
| Defendant(s): | **PHILIP SEMPREVIVO** |

STATE OF NEW YORK
COUNTY OF NEW YORK      ss.:

**Tasha Thomas**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the STATE OF NEW JERSEY.

On 02/13/2012 at 11:27 AM, I served the within **SUMMONS; COMPLAINT and Notice of Commencement Subject to Mandatory Electronic Filing** on **PHILIP SEMPREVIVO** at **86 BETSY BROWN CIR, PORT CHESTER, NY 10573-2226** in the manner indicated below:

**SUITABLE AGE:** by delivering thereat a true copy of each to **JOHN SEMPREVIVO, RELATIVE** of **PHILIP SEMPREVIVO**, a person of suitable age and discretion. Said premises is **PHILIP SEMPREVIVO's** usual place of abode within the state.

On **02/15/2012**, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to defendant and defendant's last known residence, at **86 BETSY BROWN CIR, PORT CHESTER, NY 10573-2226** and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|-----|-------------------|---------------|-----|--------|--------|
| Male | Caucasian | Black | 42 | 5ft4in-5ft8in | 161-200 lbs |
| Other Features: | | | | | |

I asked the person spoken to whether **PHILIP SEMPREVIVO** was in the active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and belief are the conversations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**ADDITIONAL MAILING PURSUANT TO 3215**

IN COMPLIANCE WITH CPLR 3215, on 02/15/2012 DEPONENT GAVE ADDITIONAL NOTICE OF THIS ACTION BY ENCLOSING A COPY OF THE SAID SUMMONS AND COMPLAINT IN A FIRST CLASS POSTPAID ENVELOPE ADDRESSED TO DEFENDANT AT DEFENDANT'S PLACE OF RESIDENCE AT 86 BETSY BROWN CIR, PORT CHESTER, NY 10573-2226 AND DEPOSITING SAID ENVELOPE IN AN OFFICIAL DEPOSITORY UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE UNITED STATES POST OFFICE. THE ENVELOPE BORE THE LEGEND "PERSONAL AND CONFIDENTIAL" AND DID NOT INDICATE ON THE OUTSIDE THEREOF THAT THE COMMUNICATION WAS FROM AN ATTORNEY OR CONCERNS AN ALLEGED DEBT.

Sworn to and subscribed before me on 02/15/2012

Samantha Akwei
Notary Public, STATE OF NEW YORK
No. 01AK6252725
Qualified in New York
Commission Expires 12/12/2015

X _____
Tasha Thomas
Bulldog Process Service LLC
118 East 28th Street Suite 307
New York,NY 10016
646-461-8386
Atty File#: 0986706

**EXHIBIT  G**



